CARTER, Justice
(dissenting).
I dissent.
The majority of the court now permits the Iowa courts to adjudicate substantial rights of persons over which they have no in personam jurisdiction in domestic-abuse actions brought under Iowa Code chapter 236. The court concedes, as did the district court, that defendant, Nathan Bartseh, did not have sufficient contacts with the State of Iowa to establish jurisdiction over his person. The court nevertheless proceeds to adjudicate Nathan’s substantial rights on the mistaken assumption that a domestic-abuse order under chapter 236 is a status determination. I strongly disagree with that conclusion.
More than 100 years ago in Pennoyer v. Neff, 95 U.S. 714, 722, 24 L.Ed. 565, 568 (1877), the court suggested that cases involving personal status of a plaintiff such as divorce actions could be adjudicated in the plaintiffs state of domicile even though personal jurisdiction of the defendant could not be acquired by the courts of that state. The adjudications thus permitted were those “affecting the personal status of the plaintiff.” Pennoyer, 95 U.S. at 733, 24 L.Ed. at 572. That principle was ratified in Williams v. North Carolina, 317 U.S. 287, 299, 63 S.Ct. 207, 213-14, 87 L.Ed. 279, 286 (1942).
In those instances where status adjudications take place without personal jurisdiction over an affected party, the adjudication must be limited to a declaration of status. It may not also award related affirmative relief. Kulko v. Superior Ct., 436 U.S. 84, 100-01, 98 S.Ct. 1690, 1701, 56 L.Ed.2d 132, 146-47 (1978) (notwithstanding state’s substantial interest in protecting resident children, jurisdiction with which defendant lacked minimum contacts is not a “ ‘fair forum’ in which to require [father] either to defend a child support suit or suffer liability by default.”) The Restatement (Second) of Judgments recognizes that
[j]urisdiction to establish or terminate a status should be distinguished from jurisdiction to determine the existence of a status as an incidental question in litigation whose primary objective is resolution of some other controversy.... It should also be distinguished from jurisdiction to enforce liability arising from a status, for example, liability for child support.
Restatement (Second) of Judgments § 7 cmt. a (1982) (citing Kulko).
What Tara Bartseh sought from an Iowa court was not a declaration of her status, but rather a grant of injunctive relief against a party beyond the jurisdiction of the Iowa court. Nor did the district court attempt to adjudicate her status in any manner. Consequently, the essential predicate for the majority’s holding is missing. Moreover, even if an adjudication of status had been involved, the court had no jurisdiction to grant collateral relief against Nathan. The majority apparently believes that the unavailability of collateral relief against foreign domiciliaries in status adjudications only extends to money judgments. That is not correct. The court in Kulko described the protection much more broadly:
The Due Process Clause of the Fourteenth Amendment operates as a limitation on the jurisdiction of state courts to enter judgments affecting rights or interests of nonresident defendants.
Kulko, 436 U.S. at 91, 98 S.Ct. at 1696, 56 L.Ed.2d at 140 (emphasis added). The “rights or interests” of Nathan that have been adversely affected by the district court’s judgment are substantial. There *12 has been a direct invasion of his liberty interest. In addition, there are collateral consequences of a lasting nature. See 18 U.S.C. § 922(g)(8) (possession of a firearm precluded).
Although, as the majority notes, the state clearly has an important interest in fostering protection against domestic abuse, its power to do so does not extend to granting protective orders against persons lacking the requisite minimum contacts with the forum state. The need to establish such minimum contacts stands as “a prerequisite to [the State’s] exercise of power over [foreign domiciliaries].” Hanson v. Denckla, 357 U.S. 235, 251, 78 S.Ct. 1228, 1238, 2 L.Ed.2d 1283, 1296 (1958).
I would reverse the judgment of the district court.
LAVORATO, C.J., and TERNUS, J, join this dissent.